# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **K.V. and R.V.**

**No. 16-0314** (Wayne County 15-JA-55 & 15-JA-56)

**FILED**

**September 19, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.R., by counsel Timothy P. Rosinsky, appeals the Circuit Court of Wayne County's February 24, 2016, order terminating her parental rights to one-year-old K.V. and five-year-old R.V.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Alison R. Gerlach, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in ratifying the emergency removal of the children because the DHHR failed to prove imminent danger to K.V.'s well-being.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2015, the DHHR filed a petition for immediate custody of the children in immediate danger alleging that petitioner gave birth to K.V., who tested positive for oxycodone and was experiencing symptoms of withdrawal. Petitioner also admitted to taking drugs during the final two months of her pregnancy with K.V. Shortly after K.V. was released from the hospital, she was readmitted to the hospital for a compound leg fracture which required surgery.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

During this investigation, doctors discovered several other fractures, in various stages of healing, on K.V.'s body.

Several days later, the circuit court held a preliminary hearing during which it heard evidence that supported the allegations in the petition. While petitioner testified that R.V. accidentally stepped on K.V.'s leg, she failed to account for K.V.'s other broken bones. Petitioner also testified that she used Percocet during her pregnancy and that K.V. suffered from symptoms of withdrawal after she was born. Furthermore, a case worker testified that K.V.'s prior unexplained rib and finger fractures were reason to believe that the children were in imminent danger which required immediate removal. Based upon his evidence, the circuit court found that the DHHR properly removed the children from petitioner's care. Ultimately, the circuit court terminated petitioner's parental rights by order entered on February 24, 2016. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner does not cite to a single case in support of her argument and only makes one broad reference to West Virginia Code § 49-4-601 in arguing that the circuit court erred in ratifying the emergency removal of her children. In approximately four pages of argument, petitioner generically references "49-4-601 et seq." to support her assignment of error. Petitioner's vague reference to the statute and equally vague argument is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

[t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, *the standard of review applicable, and citing the authorities relied on . . .* [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is woefully inadequate as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure. While it does contain specific citations to the record on appeal, it lacks citations to applicable authority and fails to contain even a standard of review. Thus, petitioner's assignment of error was not properly developed on appeal. However, despite petitioner's failure to preserve this issue for appeal, the Court has reviewed the record in this matter and determined that the circuit court committed no error in regard to petitioner's assignment of error.

For the foregoing reasons, we find no error in the circuit court's February 24, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**:  **September 19, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II